## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KENNETH LESTER,

        Plaintiff,

    vs.

LINCOLN NATIONAL CORPORATION,

        Defendant.

Civil Action No.:  1:21-cv-110

## **COMPLAINT**

AND NOW, comes the Plaintiff, Kenneth Lester, by and through his counsel, David A. Martin, Esquire and the law firm of Robert Peirce & Associates, P.C., and files the within Complaint to recover benefits due under a policy of disability insurance issued by the Defendant, Lincoln National Corporation, and to recover for the Defendant's bad faith denial of benefits.

## **JURISDICTION AND VENUE**

1.    This is an action brought pursuant to section 502(a), (e)(1) and (f) of ERISA 29 U.S.C. §§1132(a), (e)(1) and (f). This Court has subject matter jurisdiction pursuant to 29 U.S.C. §1132(e)(1), 28 U.S.C. §1331 and 28 U.S.C. §1367(a). Under §502(f) of ERISA, 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

2.    Venue is properly laid in this District pursuant to 28 U.S.C. §1391(a), as the Plaintiff resides in this District, became disabled in this District, was issued the subject insurance policy in this District, and the Defendant is subject to jurisdiction in this District.

## PARTIES

1.      Plaintiff Kenneth Lester is an adult individual residing at 128 Zachary Lane, Titusville, Warren County, Pennsylvania, 16351.

2.      Defendant Lincoln National Corporation (hereinafter "Lincoln") is duly incorporated at the registered address 150 North Radnor-Chester Road, Radnor, Delaware County, PA 19087.

3.      Lincoln is responsible for managing claims for Long Term Disability Benefits under Highmark Inc.'s Long Term disability Policy, including Mr. Kenneth Lester's claim.

## FACTS

4.      The Plaintiff holds Long Term Disability Benefits under a Highmark Long Term Disability Policy (hereinafter, the "Policy").  The Number for this Policy is GF3-830-510001-01.

5.      The monthly benefit in the event that Long Term Disability benefits was necessary under this Policy was 60.00% of Basic Monthly Earnings not to exceed a Maximum Monthly Benefit of $10,000.00 less Other Income Benefits and Other Income Earnings.

6.      On or about November 6, 2019, Mr. Lester completed his last day of work at Wabtec Corporation.

7.      On or about November 6, 2019, Mr. Lester submitted a disability claim for congestive heart failure with reduced systolic function, degenerative disc disease of the lumbar spine, atrial fibrillation, and insomnia.

8.      Mr. Lester was awarded disability benefits, which began on May 6, 2020 and continued until December 29, 2020.

9.      On December 30, 2020, Lincoln denied Mr. Lester continued long-term disability benefits beyond December 29, 2020 on the grounds that Mr. Lester did not meet the definition of "disabled" under the Policy.

10.     Eligibility for continued Long-Term Disability benefits under the Policy reads, in relevant part, that "if the Covered Person is eligible for the 24 Month Own Occupation benefit," "Disability" or "Disabled" means that during the "Elimination period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation."

11.     Mr. Lester requested appealed Lincoln's decision to end long-term benefits on June 18, 2021.  In support thereof, Mr. Lester offered the following:

a.      Medical documentation from Allegheny Health Network Saint Vincent Hospital;

b.      Medical documentation from Dr. Jeffrey Buetikofer from June 1, 2019-March 10, 2021;

c.      Medical documentation from Memorial Satilla Health;

d.      Medical documentation from Dr. John Balmer from January 3, 2018-March 10, 2021;

e.      Imaging of Kenneth Lester's lumbar spine dated August 31, 2018;

f.      Medical documentation from Tri-State Pain Institute, Dr. Jung-Woo and Dr. Joseph Thomas from June 11, 2020-July 1, 2021;

g.      Imaging from Titusville Area Hospital dated March 11, 2020;

h.      Remote device checks for the following dates: March 24, 2019, August 25, 2019, August 30, 2019, April 10, 2020, June 8, 2020, and September 7, 2020;

      i.       An emergency room visit dated March 10, 2021;

      j.       Hip and pelvis imaging dated May 24, 2021;

      k.      Documentation for a patient visit on June 9, 2021;

      l.       An emergency room visit dated for November 12, 2020;

      m.    Medical documentation from Titus Area Hospital for a series of visits in 2018; and

      n.     An operative note for a colonoscopy dated March 11, 2020.

12.     Defendant Lincoln began an investigation into Plaintiff's medical records to determine whether Plaintiff satisfied the Policy requirements.

13.     Defendant reviewed the submitted materials as a part of its investigation.

14.     On December 16, 2021, Lincoln upheld its initial determination that Mr. Lester was not entitled to disability benefits. See Exhibit 2, attached hereto.

15.     Lincoln upheld its initial decision on the grounds that Mr. Lester did not meet the definition of "Disabled" under the Policy, despite medical documentation to the contrary.

16.     At this time, Mr. Lester has exhausted all of his administrative appeals.

17.     Mr. Lester now timely brings this action forward as of right pursuant to § 502(a) of the Employee Retirement Income Security Act of 1974.

**COUNT I**

**ERISA**
**Claim for Benefits Under the Plan- 29 USC 1132(a)(1)(B)**

18.     Plaintiff incorporates all preceding paragraphs herein as though fully set forth at length herein, and further alleges as follows.

19.     The Policy provides the Plaintiff is entitled to Long Term Disability coverage based upon his physical disability as described above.

20.     Plaintiff has established that he is "Disabled" within the meaning of the Policy and is entitled to continued Long-Term Disability Benefits.

21.     Defendant's denial of Long-Term Disability Benefits constitutes denial of benefits governed by ERISA,.

22.     Plaintiff is entitled to payment of Long-Term Disability Benefits under the Policy because his physical condition prohibits him from substantially and materially perform the duties of his occupation, or any occupation.

WHEREFORE, the Plaintiff demands judgment in his favor and against the Defendant in an amount in excess of the jurisdictional limits, plus costs of suit, plus pre- and post-judgment interest, plus attorneys' fees and costs.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted,

ROBERT PEIRCE & ASSOCIATES

By:/s/ David A. Martin
    DAVID A. MARTIN, ESQUIRE
    Pa. I.D. No.: 329281
    dmartin@peircelaw.com

    Firm I.D. No.: 839
    707 Grant Street
    Suite 125
    Pittsburgh, PA 15219
    (412) 271-7229